## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**MATTHEW MILLER,**

      Plaintiff,

        v.

**MONSTER
RESERVATIONS GROUP,
LLC,**

      Defendant.

**Case No.:**

**COMPLAINT FOR:**

**1) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.; AND**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. Plaintiff, Matthew Miller ("Plaintiff") brings this action against Defendant Monster Reservation Group, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c).

2. This complaint is issued pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant is involved in family vacation reservation services. To promote its services, Defendant engages in unsolicited marketing, harming Plaintiff in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's

illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of his daily life. Plaintiff also seeks statutory damages, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Middle District of Florida.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida, further subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

12. Plaintiff is a natural person residing in the City of Lake Mary, State of Florida.

13. Defendant is a company based in Myrtle Beach, South Carolina, conducting business in family vacation reservation services.

///

///

### 1. THE TCPA

14. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

15. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

16. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

> **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions. 47 U.S.C § 227(c)(5).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

19. To obtain express written consent for telemarketing calls, a Defendant must establish that it secured the Plaintiff's signature in a form that gives the Plaintiff a "'clear and conspicuous disclosure' of the consequences

of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [Plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

20. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

21. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

22. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

23. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

24. If a call is not deemed telemarketing, a Defendant must nevertheless demonstrate that it obtained the Plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

25. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their

recipients. A Plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

### GENERAL ALLEGATIONS

26. At all times relevant, Plaintiff was an individual residing within the State of Florida.

27. At all times relevant, Defendant conducted business in the State of Florida.

28. Plaintiff has been on the National Do Not Call Registry since approximately June 8, 2020.

29. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

30. On or around March 15, 2023, Plaintiff received an autodialed phone call. Upon information and belief, this autodialed call was initiated by Defendant and/or Defendant's agent. Plaintiff answered, and after about a minute of silence followed by a click a live agent of Defendant joined the call.

31. On this phone call, Defendant began to discuss family vacation packages. Plaintiff let them know he was not interested and to not call again.

32. Plaintiff received identical autodialed calls from numerous phone numbers which when called, connects back to Defendant. On each of these calls there was a long pause and audible clicking noise at the beginning of the call before a live person came on the line for Defendant and/or Defendant's agent. Upon information and belief, these numbers belong to Defendant and/or Defendant's agent. Defendant's agent began talking to Plaintiff about family vacation packages. Plaintiff each time indicated he was not interested.

33. Plaintiff reported Defendant to the Better Business Bureau and sought legal representation in order to stop the swarm of unsolicited phone calls made by Defendant.

34. Indeed, Plaintiff used every resource at his disposal to avoid Defendant's unethical marketing scheme; including sending Defendant's a letter demanding the calls stop. Defendant and/or Defendant's agent responded denying that Plaintiff had ever been called.

35. Plaintiff only has one cellphone line which he uses for both business and personal uses.

36. Defendant continued to call Plaintiff despite Defendant's report, and demand letter. In total Defendant and/or Defendant's agent(s) called Plaintiff forty-nine (49) times. Upon information and belief each number on Plaintiff's Caller ID links back to Defendant.

37. Defendant's phone calls constitute telephone solicitation because it encouraged the future purchase or investment in property, goods, or services under 47 U.S.C. § 227(a)(4), i.e., attempting to sell Plaintiff vacation packages.

38. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

39. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

40. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

41. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

42. Defendant's unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that he spent numerous hours investigating the unwanted phone calls including how they obtained his number and who the Defendant was.

43. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## COUNT I

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

#### (ON BEHALF OF PLAINTIFF)

51. Plaintiff re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

52. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

    **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

    **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

    **(C)** both such actions.

53. Defendant – or third parties directed by Defendant dialed numbers without to make non-emergency telephone calls to the telephone of Plaintiff.

54. These calls were made without regard to whether or not Plaintiff was on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phone of Plaintiff when its calls were made.

55. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phone of Plaintiff without his prior express written consent.

56. Defendant knew that it did not have prior express consent to make these calls especially since Plaintiff told Defendant he was not interested in what Defendant was offering and to stop calling. The violations were therefore willful or knowing.

57. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff is also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff prays for the following relief:

   a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b. An injunction prohibiting Defendant from calling his cellular telephone number;

   c. An award of actual and statutory damages;

   d. An award of treble damages for willful/knowing violations; and

   d. Such further and other relief the Court deems reasonable and just.

*///*

*///*

13

## TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 21, 2024                     Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No. 1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No.1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101

San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com